**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004

Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION
400 Maryland Avenue, SW
Washington, DC 20202

Defendant.

Case No. 1:23-cv-00878

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Latham & Watkins LLP (Latham) brings this complaint for declaratory and injunctive relief, and states as follows in support thereof.

**PRELIMINARY STATEMENT**

1. The Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257. FOIA also recognizes that the government cannot sit on its hands forever; it must make timely determinations regarding what documents it possesses that are responsive to a specific request, and when it will produce them. *See* 5 U.S.C. § 552(a)(6)(A)(i).

2. Defendant Department of Education (Department) administers the federal government's disbursement of student aid under Title IV of the Higher Education Act (HEA). *See* 20 U.S.C. § 1070.

3. On February 15, 2023, the Department issued a new Dear Colleague Letter (DCL) purporting to provide guidance on the roles and responsibilities of "third-party servicers." *See (GEN-23-03) Requirements and Responsibilities for Third-Party Servicers and Institutions*, Federal Student Aid, U.S. Dep't of Educ. (updated Feb. 28, 2023), https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2023-02-15/requirements-and-responsibilities-third-party-servicers-and-institutions-updated-feb-28-2023 (2023 DCL). A third-party servicer is an entity that institutions of higher education can contract with to assist the institution in administering Title IV student-aid programs. *See* 20 U.S.C. § 1088(c)(1). Prior to 2023, the Department long held that the role of third-party servicers was limited to overseeing and managing aspects of institutions' student-aid programs. *See* 34 C.F.R. § 668.2. But the Department's new DCL transforms the definition of third-party servicer, stretching it to cover a host of contractors who provide services having nothing to do with managing Title IV aid—such as marketing, recruiting, developing curriculum content, and engineering online educational platforms.

4. In an effort to fully understand the basis for the Department's expansive DCL, on March 2, 2023, Latham filed a FOIA request with the Department seeking materials regarding the Department's change in position on the definition of third-party servicers and regarding the drafting of the 2023 DCL (DCL Request). *See* Exhibit 1, attached.

5. The 2023 DCL imposes an effective date of September 1st, 2023. Moreover, the Department has announced that it plans to initiate rulemaking proceedings this fall on matters

pertaining to third-party servicers. *See* Press Release, U.S. Dep't of Educ., The Department of Education Announces Hearings on Higher Education Rulemaking (Mar. 23, 2023), https://www.ed.gov/news/press-releases/department-education-announces-public-hearings-higher-education-rulemaking. Latham urgently needs access to the documents requested to assist a client as it prepares for implementation of the 2023 DCL, looks to participate in the Department's announced rulemaking, and considers whether to challenge the DCL in court as a violation of the Administration Procedure Act (APA). Should Latham's client decide to pursue such litigation, these documents will be important components of the administrative record. APA cases are typically resolved on the basis of the administrative record, which must contain all relevant information the agency had when it made the challenged decision. *See, e.g.*, *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

6. The Department has not made a determination on the DCL Request within the statutorily mandated 20 working days for such determination. 5 U.S.C. § 552(a)(6)(A)(i). As a result, the Department is impeding Latham's access to these important records.

7. Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits for making a determination on a given request. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted applicable administrative remedies for its request, Latham now turns to this Court to enforce FOIA's guarantee of public access to agency records. Accordingly, Latham asks this Court to declare that the Department has violated FOIA, to order the Department to provide Latham with legally compliant responses to its request, and to grant other appropriate relief, including attorney's fees and costs.

**PARTIES**

8. Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004. Latham submitted the

DCL Request as part of its representation of a client and likewise brings this suit to further that representation.

9. Defendant U.S. Department of Education is an executive department of the United States and an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). Its headquarters and principal place of business are at 400 Maryland Avenue, SW, Washington, DC 20202. Its governmental activities occur in this District and nationwide.

**JURISDICTION, EXHAUSTION, AND VENUE**

10. This Court has subject matter jurisdiction over Latham's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

12. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B).

13. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), which provided FOIA venue in the District of Columbia.

**LEGAL BACKGROUND**

14. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempt under 5 U.S.C. § 552(b). *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

15. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays. 5 U.S.C. § 552(a)(7)(A).

16. Next, an agency must respond to a party making a FOIA request within twenty days of receipt, exclusive of weekends and legal public holidays, notifying that party of the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). The D.C. Circuit has explained that to make a valid "determination" under the statute, the agency must indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC* (*CREW*), 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (explaining that the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

17. The agency may extend the statutory twenty-day deadline only in "unusual circumstances," 5 U.S.C. § 552(a)(6)(B)(iii), and must then make the requested records "promptly" available, *id.* § 552(a)(3)(A), (6)(C)(i), except where it can establish that one of FOIA's narrow exemptions listed at § 552(b) applies.

18. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester is deemed to have exhausted administrative remedies with respect to the request and may immediately file suit in district court. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 185-86, 189.

**FACTUAL BACKGROUND**

19. On March 2, 2023, Latham submitted the DCL Request to the Department via the Department's online FOIA-request portal as part of its representation of a client.

20. The request sought copies of all emails, letters, memoranda, or other documents related to the Department's conclusions underlying the 2023 DCL and to the drafting of the 2023 DCL. *See* Exhibit 1. Latham provided a record-search date range of March 8, 2017 to March 2, 2023. Latham agreed to pay all necessary fees for this request.

21. The DCL Request was received by the Department at approximately 10:10 pm on March 2, 2023, through the Department's online FOIA-request portal. *See* Exhibit 2, attached.

22. The DCL Request was assigned Request No. 23-01163-F through the Department's online system. *See id.*

23. Because the Department's acknowledgement email was dated March 2, 2023, the Department was required to make the statutorily mandated determination on the request by no later than March 30, 2023. *See* 5 U.S.C. § 552(a)(6)(A)(i).

24. On March 13, 2023, the Department's system sent another email to Latham confirming that the DCL Request was being processed. *See* Exhibit 3, attached. The email contained no further information or confirmation that Latham's DCL request would be fulfilled.

25. Since the March 13, 2023 email, Latham has received no further communication from the Department regarding the DCL Request.

26. As of the date of this filing, the Department has not made a determination within the meaning of FOIA on the DCL Request.

27. Because the Department has not issued a determination within the statutorily mandated timeframe, Latham is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 185-89.

28. Latham urgently needs these documents in furtherance of its representation of a client. *See supra* ¶ 5.

## CLAIMS FOR RELIEF

### CLAIM I
### (Failure to Produce Records)

29. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

30. FOIA requires agencies to make a determination regarding all requests within twenty working days, or thirty days where unusual circumstances are present and the agency sends a timely written notice of such circumstances.

31. Latham submitted its perfected DCL Request to the Department, which received the request *no less than* twenty days ago (exclusive of weekends and legal public holidays). *See* Exhibits 2, 3.

32. Latham has a statutory right to receive a determination from the Department as to the DCL Request within the time frames that Congress required through FOIA.

33. The Department violated FOIA by failing to make the required determinations in response to the DCL Request and by failing to produce records in response to the request.

34. Latham is being harmed by reason of the Department's violation of FOIA and its unlawful withholding of records to which Latham is entitled. Latham will continue to be harmed unless the Department is compelled to comply with the statute and produce the requested records.

### CLAIM II
### (Costs and Fees)

35. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

37. Latham is statutorily entitled to recover fees and costs incurred as a result of the Department's failure to make timely determinations with regard to the DCL Request. 5 U.S.C.

§ 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Com.*, 473 F.3d 312, 324 (D.C. Cir. 2006) (holding that complainant law firm is an organizational litigant statutorily eligible for costs and attorneys' fees).

38. Latham asks the court to order the Department to pay reasonable attorneys' fees and other litigation costs incurred in this case.

**PRAYER FOR RELIEF**

Wherefore, Latham prays this Court enter judgment in its favor and grant the following relief:

1. A declaration pursuant to 28 U.S.C. § 2201 that the Department has violated the Freedom of Information Act by failing to lawfully satisfy Latham's DCL Request.
2. An order enjoining the Department to:
   a. Respond to Latham's DCL Request; and
   b. Release immediately all responsive records to Latham's DCL Request.
3. An order awarding Latham its costs and attorneys' fees.
4. Such other and further relief as the Court deems just and proper.

Dated: March 31, 2023

Respectfully submitted,

/s/ *Roman Martinez*

Roman Martinez
DC Bar No. 1001100
roman.martinez@lw.com
Andrew D. Prins
D.C. Bar No. 998490
andrew.prins@lw.com
Charles S. Dameron
DC Bar No. 1048053
charles.dameron@lw.com
William J. Seidleck
DC Bar No. 1602107
william.seidleck@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Plaintiffs*