UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-0878 (TNM) |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant United States Department of Education ("Education") respectfully answers Plaintiff Latham & Watkins LLP ("Latham") Complaint in this Freedom of Information Act ("FOIA") action as follows.

## FIRST DEFENSE

Some or all of the records and requested information in Plaintiff's FOIA request are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Complaint should be dismissed to the extent the FOIA request fails to reasonably describe the records sought and/or any search for responsive records would be unduly burdensome.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FOURTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## PRELIMINARY STATEMENT[1]

1.      This paragraph asserts conclusions of law to which no response is required.  To the extent any further response is required, Defendant refers the Court to the cited provisions of the FOIA for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of those statutory provisions.

2.      Admitted.

3.      Defendant admits that it issued Dear Colleague Letter ("DCL") GEN-23-03 on February 15, 2023, and posted it on the Department's website, and otherwise denies the allegations

---

[1]      For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

in the first sentence of this paragraph.  The remaining sentences in this paragraph assert argument and conclusions of law, not factual allegations to which a response would be required. To the extent any further response is required to those allegations, Defendant refers the Court to the DCL and the cited statute and regulation for a complete and accurate statement of their contents, and otherwise denies the allegations in the remaining sentences of this paragraph.

4.      Defendant admits only that it received a FOIA request from Plaintiff dated March 2, 2023, and that a copy of that request is attached as exhibit 1 to the Complaint.  With respect to the allegation in this paragraph purporting to describe the records sought in that request, Defendant refers the Court to the request for a complete and accurate statement of its contents and denies that allegation to the extent inconsistent with the content of the request.  As to the allegation concerning the reason for Plaintiff's submission of the request, Defendant lacks knowledge or information sufficient to form a belief as to the reason for Plaintiff's submission of the FOIA request.

5.      To the extent the allegations in this paragraph seek to provide background facts, they do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent any allegation in this paragraph can be construed as a factual allegation to which a response is required (as opposed to background facts, conclusions of law or argument to which no response is required), Defendant admits only that the February 15, 2023, DCL provides an effective date of September 1, 2023, and that Defendant issued the cited press release on March 23, 2023 and refers the Court to the text of that press release for a complete and accurate statement of its contents, and denies that allegation to the extent inconsistent with the contents of the press release.

6.      With respect to the first sentence of this paragraph, Defendant admits that it had not

issued a final determination regarding Plaintiff's FOIA request as of the filing date of the Complaint. The remaining allegations in the first sentence of this paragraph assert conclusions of law to which no response is required. Defendant denies the allegations in the last sentence of this paragraph.

7.    This paragraph asserts legal conclusions and characterizes Plaintiff's request for relief to which no response is required.   To the extent any further response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## PARTIES

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    Defendant admits that the United States Department of Education is a federal agency within the meaning of FOIA with its headquarters located at 400 Maryland Avenue, SW, Washington, DC 20202, and that it engages in agency-related activities in the District of Columbia and throughout the United States.

## JURISDICTION, EXHAUSTION, AND VENUE

10.    This paragraph asserts conclusions of law regarding jurisdiction to which no response is required. To the extent any response is required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims, subject to the terms and limitations of FOIA.

11.    This paragraph asserts conclusions of law to which no response is required. To the extent any response is required, Defendant denies that declaratory relief is available in an action under FOIA.

12.    This paragraph asserts conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully directs the Court to the cited statutory provision for a complete and accurate statement of its contents.

13.     Defendant admits that venue is appropriate in this judicial district for claims brought under FOIA.

## LEGAL BACKGROUND

14-18.  These paragraphs assert conclusions of law regarding the provisions of the FOIA to which no response is required.  To the extent any further response is required, Defendant refers the Court to the cited provisions of the FOIA for a complete and accurate statement of their contents.

## FACTUAL BACKGROUND

19.     Defendant admits only that, on March 2, 2023, Plaintiff submitted the FOIA request attached as Exhibit 1 to the Complaint via Defendant's online FOIA-request portal and stated in the request that it was being submitted as part of Plaintiff's representation of a client.

20.     In response to the allegations in this paragraph, Defendant refers the Court to the FOIA request, attached as Exhibit 1 to the Complaint, for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the request.

21.     Admitted.

22.     Admitted.

23.     This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, Defendant respectfully directs the Court to the provisions of FOIA and denies all allegations inconsistent therewith.

24.     In response to the allegations in this paragraph, Defendant admits that it sent an email dated March 13, 2023, in connection with the FOIA request and that a copy of that email is attached as Exhibit 3 to the Complaint.  Defendant refers the Court to the March 13, 2023 email for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that email.

25.     Defendant denies the allegation in this paragraph and avers that on March 31, 2023, prior to receiving notice of the present litigation, Defendant issued a 20-day notification letter to Plaintiff in which, among other things, Defendant informed Plaintiff that it was unable to provide an estimated completion date at that time, but that it intended to provide non-exempt, responsive records on a rolling basis as they became available.

26.     This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, Defendant admits only that, as of the filing date of the Complaint, it had not issued a final determination letter with respect to the FOIA request.

27.     This paragraph asserts conclusions of law to which no response is required.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## CLAIMS FOR RELIEF

### CLAIM I
### (Failure to Produce Records)

29.     Defendant realleges and incorporates by reference its responses to Paragraphs 1-28 above, as though fully set forth herein.

30.     This paragraph asserts conclusions of law to which no response is required.

31.     Defendant admits only that Plaintiff submitted the FOIA request attached as Exhibit 1 to the Complaint on March 2, 2023.

32.     This paragraph asserts conclusions of law to which no response is required.

33.     This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

34.     This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## CLAIM II
## (Cost and Fees)

35.     Defendant realleges and incorporates by reference its responses to Paragraphs 1-34 above, as though fully set forth herein

36.     This paragraph asserts conclusions of law to which no response is required.  To the extent any further response is required, Defendant respectfully directs the Court to the cited provisions of the FOIA and denies all allegations inconsistent therewith.

37.     This paragraph asserts conclusions of law to which no response is required.  To the extent any further response is required, the allegations are denied.

38.     This paragraph contains Plaintiff's request for relief, to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

The remaining portions of Plaintiff's Complaint contains its request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: ___/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for Defendant