# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, SW<br>Washington, DC 20202<br><br>    Defendant. | Case No. 1:23-cv-00878 |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Latham & Watkins LLP (Latham) brings this amended complaint[1] for declaratory and injunctive relief, and states as follows in support thereof.

## PRELIMINARY STATEMENT

1.  The Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257. FOIA also recognizes that the government cannot sit on its hands forever; it must make timely determinations regarding what documents it possesses that are responsive to a specific request, and when it will produce them. *See* 5 U.S.C. § 552(a)(6)(A)(i).

---

[1] In accordance with this Court's Standing Order, a redline comparison is attached as Exhibit 9.

1

2. Defendant Department of Education (Department) administers the federal government's disbursement of student aid under Title IV of the Higher Education Act (HEA). *See* 20 U.S.C. § 1070.

### A. Latham's First FOIA Request

3. On February 15, 2023, the Department issued a new Dear Colleague Letter (DCL) purporting to provide guidance on the roles and responsibilities of "third-party servicers." *See (GEN-23-03) Requirements and Responsibilities for Third-Party Servicers and Institutions*, Federal Student Aid, U.S. Dep't of Educ. (updated Feb. 28, 2023), https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2023-02-15/requirements-and-responsibilities-third-party-servicers-and-institutions-updated-feb-28-2023 (2023 DCL). A third-party servicer is an entity that institutions of higher education can contract with to assist the institution in administering Title IV student-aid programs. *See* 20 U.S.C. § 1088(c)(1). Prior to 2023, the Department long held that the role of third-party servicers was limited to overseeing and managing aspects of institutions' student-aid programs. *See* 34 C.F.R. § 668.2. But the Department's new DCL transforms the definition of third-party servicer, stretching it to cover a host of contractors, including Online Program Managers (OPMs) who provide services having nothing to do with managing Title IV aid—such as marketing, recruiting, developing curriculum content, and engineering online educational platforms.

4. In an effort to fully understand the basis for the Department's expansive DCL, on March 2, 2023, Latham filed a FOIA request with the Department seeking materials regarding the Department's change in position on the definition of third-party servicers and regarding the drafting of the 2023 DCL (DCL Request). *See* Exhibit 1, attached.

5. The Department received over 1,000 comments on the DCL, which it is currently reviewing in conjunction with a planned revision of the DCL. *See* James Kvaal, *Update on the Department of Education's Third-Party Servicer Guidance*, Ed Homeroom: U.S. Department of Education Blog (Apr. 11, 2023), https://blog.ed.gov/2023/04/update-on-the-department-of-educations-third-party-servicer-guidance. Once the Department finalizes the revised DCL, effected parties will have only six months to rearrange their affairs and bring themselves into compliance with the new DCL. *Id.* Moreover, the Department has announced that it plans to initiate rulemaking proceedings this fall on matters pertaining to third-party servicers. *See* Press Release, U.S. Dep't of Educ., The Department of Education Announces Hearings on Higher Education Rulemaking (Mar. 23, 2023), https://www.ed.gov/news/press-releases/department-education-announces-public-hearings-higher-education-rulemaking. Latham urgently needs access to the documents requested to assist one or more clients as they prepare for implementation of the 2023 DCL, look to participate in the Department's announced rulemaking, and consider whether to challenge the DCL in court as a violation of the Administration Procedure Act (APA). *See, e.g.*, *2U, Inc. v. Cardona*, No. 1:23-cv-925-TNM (D.D.C.) (challenge to original DCL brought by Latham on behalf of two clients).

**B. Latham's Second FOIA Request**

6. Relatedly, on February 16, 2023, the Department announced that it would engage in "virtual listening sessions to receive public comments, recommendations, and suggestions" regarding the manner in which colleges and universities contract with third parties that offer bundled services for those institutions' online educational programs. *See* Announcement of Listening Sessions to Improve Guidance on the Incentive Compensation Prohibition, 88 Fed. Reg. 10,101, 10,101 (Feb. 16, 2023) (February 2023 Announcement). Colleges and universities

3

frequently contract with OPMs to develop and manage their online educational platforms. OPMs provide their institutional clients with a bundle of technology and services, including learning technology, curriculum design, career support, marketing services, student engagement and support services, faculty support services, enrollment application assistance, student recruitment, and other support services useful for delivering online university programs. Institutions often agree to share their revenues from such programs with OPMs for these bundled services. Revenue-sharing is the only model that aligns incentives between the OPM, the institution, and the student. Unlike fee-for-service arrangements, where the provider gets paid up front regardless of student outcomes, in revenue-sharing arrangements, the institution only compensates the OPM as students progress through their programs, ultimately earning a degree. In addition to incentive alignment, many institutions of higher education prefer revenue-sharing agreements because those agreements eliminate the risk to the institution associated with launching an online program. In revenue sharing arrangements, the OPM bears the up-front financial burden of launching an online program, and only recoups that cost as students progress through the program. The institution, on the other hand, does not bear any of that financial risk.

7. The Department has long held the view that the HEA permits such revenue-sharing arrangements. *See, e.g.*, Federal Student Aid Programs, 67 Fed. Reg. 67,048, 67,053-57 (Nov. 1, 2002); *GEN-11-05: Implementation of Program Integrity Regulations* 10-11, Off. of Postsecondary Educ., U.S. Dep't of Educ., https://fsapartners.ed.gov/sites/default/files/attachments/dpcletters/GEN1105.pdf (Mar. 17, 2011). Now, however, the Department has announced that it will consider revisions to that existing guidance 88 Fed. Reg. at 10,102; *see also* 20 U.S.C. § 1094(a)(20).

4

8. In an effort to fully understand the basis for the Department's reconsideration of its long-held position regarding revenue sharing for bundled services, on March 22, 2023, Latham filed a FOIA request with the Department seeking materials (1) addressing the basis of the Department's concerns regarding well-established revenue sharing models, and (2) addressing the drafting of the February 2023 Announcement (Bundled Services Request). *See* Exhibit 5 with Attachments A–B, attached.[2]

9. The Department has already held listening sessions on possible regulatory changes, and the comment period closed on March 16, 2023. *See* 88 Fed. Reg. at 10,101. Latham represents at least one OPM that would be potentially affected by any change. Latham urgently needs access to the documents requested to assist its clients in connection with legal advice and potentially litigation on this issue.

10. The synchronized release of the DCL and the February 2023 Announcement was no coincidence: Both initiatives address the contractual relationships between OPMs and educational institutions. The DCL subjects those relationships to heightened regulatory scrutiny by redefining OPMs as third-party servicers. And the February 2023 Announcement sets out a regulatory review process by which the Department could determine that countless OPM bundled-services contracts that incorporate revenue-sharing provisions must be revised.

**C. The Department's Failure to Respond**

---

[2] The first page of Exhibit 5 is a true and correct copy of the text of Latham's March 22, 2023 FOIA request as copied and pasted into the "Description" field of the Department's online FOIA-request portal. The Attachments to Exhibit 1 are true and correct copies of the Department's February 2023 Announcement (Attachment A), as was posted on the Department's website, and the March 17, 2011 guidance confirming the acceptability of revenue-sharing arrangements for the provision of bundled services (Attachment B). These were included as attachments to Latham's online FOIA request.

11. The Department did not make a determination on either of Latham's FOIA requests within the statutorily mandated timeframe. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). As a result, the Department is impeding Latham's access to these important records.

12. Latham filed this suit against the Department for its failure to respond to DCL Request on March 31, 2023.

13. Because the Department has also failed to respond to Latham's Bundled Services Request, Latham now brings this Amended Complaint to include claims regarding that failure. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing for amendment of a pleading for 21 days after a responsive pleading is served).

14. Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits for making a determination on a given request. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted applicable administrative remedies for its requests, Latham now turns to this Court to enforce FOIA's guarantee of public access to agency records. Accordingly, Latham asks this Court to declare that the Department has violated FOIA, to order the Department to provide Latham with legally compliant responses to its request, and to grant other appropriate relief, including attorney's fees and costs.

**PARTIES**

15. Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004. Latham submitted the DCL Request and the Bundled Services Request as part of its representation of a client and likewise brings this suit to further that representation.

16. Defendant U.S. Department of Education is an executive department of the United States and an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). Its headquarters and principal place of business are at 400 Maryland

Avenue, SW, Washington, DC 20202. Its governmental activities occur in this District and nationwide.

## JURISDICTION, EXHAUSTION, AND VENUE

17. This Court has subject matter jurisdiction over Latham's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

18. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

19. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B).

20. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), which provided FOIA venue in the District of Columbia.

## LEGAL BACKGROUND

21. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempt under 5 U.S.C. § 552(b).  *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

22. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA.  First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays. 5 U.S.C. § 552(a)(7)(A).

23. Next, an agency must respond to a party making a FOIA request within twenty days of receipt, exclusive of weekends and legal public holidays, notifying that party of the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).  The D.C. Circuit has explained that to make a valid "determination" under the statute, the agency must indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld

documents." *Citizens for Responsibility & Ethics in Wash. v. FEC* (*CREW*), 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (explaining that the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

24. The agency may extend the statutory twenty-day deadline by up to "ten working days," 5 U.S.C. § 552(a)(6)(B)(i), but only in "unusual circumstances," *id.* § 552(a)(6)(B)(iii), and must then make the requested records "promptly" available, *id.* § 552(a)(3)(A), (6)(C)(i), except where it can establish that one of FOIA's narrow exemptions listed at § 552(b) applies.

25. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester is deemed to have exhausted administrative remedies with respect to the request and may immediately file suit in district court. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 185-86, 189.

## FACTUAL BACKGROUND

### A. The DCL Request

26. On March 2, 2023, Latham submitted the DCL Request to the Department via the Department's online FOIA-request portal as part of its representation of a client.

27. The request sought copies of all emails, letters, memoranda, or other documents related to the Department's conclusions underlying the 2023 DCL and to the drafting of the 2023 DCL. *See* Exhibit 1. Latham provided a record-search date range of March 8, 2017 to March 2, 2023. Latham agreed to pay all necessary fees for this request.

28. The DCL Request was received by the Department at approximately 10:10 pm on March 2, 2023, through the Department's online FOIA-request portal. *See* Exhibit 2, attached.

29. The DCL Request was assigned Request No. 23-01163-F through the Department's online system. *See id.*

30. Because the Department's acknowledgement email was dated March 2, 2023, the Department was required to make the statutorily mandated determination on the request by no later than March 30, 2023. *See* 5 U.S.C. § 552(a)(6)(A)(i).

31. On March 13, 2023, the Department's system sent another email to Latham confirming that the DCL Request was being processed. *See* Exhibit 3, attached. The email contained no further information or confirmation that Latham's DCL request would be fulfilled.

32. On March 31, 2023—after Latham filed its original complaint in this case—the Department issued a letter informing Latham that the Department is "unable to provide an estimated completion date, but intend[s] to provide records on a rolling basis as they become available." Exhibit 4, attached. The Department's March 31, 2023 letter did not indicate the scope of the documents the Department will produce, and did not indicate what documents—if any—the Department intends to withhold as exempt. *See* Answer ¶ 25, ECF No. 11.

33. The Department has not issued any further communications to Latham regarding the DCL Request and has not produced any responsive documents to Latham.

34. As of the date of this filing, the Department has not made a determination within the meaning of FOIA on the DCL Request.

35. Because the Department failed to issue a determination within the statutorily mandated timeframe, Latham is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 185-89.

36. Latham urgently needs the documents identified in the DCL Request in furtherance of its representation of a client. *See supra* ¶¶ 4-5, 11.

**B. The Bundled Services Request**

37. On March 22, 2023, Latham submitted the Bundled Services Request via the Department's online FOIA-request portal as part of its representation of a client. *See* Exhibit 5.

38. The request sought copies of all emails, letters, memoranda, or other documents related to the basis of the Department's concerns with revenue sharing for bundled services offered by OPMs, and also sought all materials relating to the drafting of the Department's February 2023 Announcement. *See* Exhibit 5. Latham provided a record-search date range of January 20, 2021 to February 15, 2023. Latham agreed to pay all necessary fees for this request.

39. The Bundled Services Request was received by the Department at approximately 10:15 pm on March 22, 2023, through the Department's online FOIA-request portal. *See* Exhibit 6, attached.

40. The Bundled Services Request was assigned Request No. 23-01329-F through the Department's online system. *See id.*

41. Because the Department's acknowledgement email was dated March 22, 2023, the Department was required to make the statutorily mandated determination on the request by no later than April 19, 2023. *See* 5 U.S.C. § 552(a)(6)(A)(i).

42. On April 6, 2023, the Department's system sent another email to Latham confirming that the Bundled Services Request was being processed. *See* Exhibit 7, attached. The email contained no further information or confirmation that Latham's Bundled Services Request would be fulfilled.

43. On April 20, 2023, a day after the Department's determination was due, Latham received a letter from the Department stating that "the Department will not be able to respond [to the Bundled Services Request] by the 20 day statutory requirement." Exhibit 8, attached (April 20th Letter).

44. The Department claimed that it faced "unusual circumstances" given the "scope of [Latham's] requests," which would require "a vast search across multiple program offices." *Id.*

45. Because the April 20th Letter did not reach a conclusion on how the Department would respond to Latham's FOIA request, it did not constitute a timely determination as required by the statute. *See* 5 U.S.C. § 552(a)(6)(A)(i); *CREW*, 711 F.3d at 184.

46. The letter only served as an invocation by the Department of "unusual circumstances" to receive an additional ten days to respond to the Bundled Services Request.

47. Because the Department's response was due on April 19, 2023, the Department's invocation of an "unusual circumstances" extension gave the Department until May 3, 2023 to provide a determination on Latham's Bundled Services Request.

48. Latham has received no further communication from the Department on its Bundled Services Request since the April 20th Letter.

49. As of the date of this filing, the Department has not made a determination within the meaning of FOIA on Latham's Bundled Services Request. *See* 5 U.S.C. § 552(a)(6)(B)(i); *CREW*, 711 F.3d at 185.

50. Nor has the Department provided Latham with "an opportunity to limit the scope of the request so that [the request] may be processed within [the statute's] time limit." 5 U.S.C. § 552(a)(6)(B)(ii).

51. And the Department has not provided any explanation for a delay resulting from anything other than "predictable agency workload." *Id.* § 552(a)(6)(C)(ii).

52. Because the Department has not issued a determination within the statutorily mandated timeframe, Latham is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 185-89.

53. Latham urgently needs the documents sought in the Bundled Services Request in furtherance of its representation of a client. *See supra* ¶ 9.

**CLAIMS FOR RELIEF**

**CLAIM I**
**(Failure to Produce Records for the DCL Request)**

54. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

55. FOIA requires agencies to make a determination regarding all requests within twenty working days, or thirty days where unusual circumstances are present and the agency sends a timely written notice of such circumstances.

56. Latham submitted its perfected DCL Request to the Department, which received the request on March 2, 2023. *See* Exhibits 2, 3.

57. Latham has a statutory right to receive a determination from the Department as to the DCL Request within the time frames that Congress required through FOIA.

58. The Department has violated FOIA by failing to make the required determinations in response to the DCL Request and by failing to produce records in response to the request.

59. Latham is being harmed by reason of the Department's violation of FOIA and its unlawful withholding of records to which Latham is entitled. Latham will continue to be harmed unless the Department is compelled to comply with the statute and produce the requested records.

## CLAIM II
### (Failure to Produce Records for the Bundled Services Request)

60. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

61. FOIA requires agencies to make a determination regarding all records requests within twenty working days, or thirty days where unusual circumstances are present and the agency sends a timely written notice of such circumstances.

62. Latham submitted its perfected Bundled Services Request to the Department on March 22, 2023, and the Department has now had over *thirty* working days (twenty within which to make a determination, and an additional ten triggered by the Department's invocation of "unusual circumstances") to make a final determination as to Latham's Bundled Services Request. *See* Exhibits 6-8.

63. Latham has a statutory right to receive a determination from the Department as to the Bundled Services Request within the time frames that Congress required through FOIA.

64. The Department has violated FOIA by failing to make the required determinations in response to the Bundled Services Request and by failing to produce records in response to the request.

65. Latham is being harmed by reason of the Department's violation of FOIA and its unlawful withholding of records to which Latham is entitled. Latham will continue to be harmed unless the Department is compelled to comply with the statute and produce the requested records.

## CLAIM III
### (Costs and Fees)

66. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

67. Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

68.   Latham is statutorily entitled to recover fees and costs incurred as a result of the Department's failure to make timely determinations with regard to the DCL and Bundled Services Requests. 5 U.S.C. § 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Com.*, 473 F.3d 312, 324 (D.C. Cir. 2006) (holding that complainant law firm is an organizational litigant statutorily eligible for costs and attorneys' fees).

69.   Latham asks the court to order the Department to pay reasonable attorneys' fees and other litigation costs incurred in this case.

**PRAYER FOR RELIEF**

Wherefore, Latham prays this Court enter judgment in its favor and grant the following relief:

1. A declaration pursuant to 28 U.S.C. § 2201 that the Department has violated the Freedom of Information Act by failing to lawfully satisfy Latham's DCL and Bundled Services Requests.

2. An order enjoining the Department to:

    a. Respond to Latham's DCL Request;

    b. Release immediately all responsive records to Latham's DCL Request;

    c. Respond to Latham's Bundled Services Request; and

    d. Release immediately all responsive records to Latham's Bundled Services Request.

3. An order awarding Latham its costs and attorneys' fees.

4. Such other and further relief as the Court deems just and proper.

Dated: May 4, 2023                                              Respectfully submitted,

/s/ *Roman Martinez*
Roman Martinez
DC Bar No. 1001100
roman.martinez@lw.com
Andrew D. Prins
D.C. Bar No. 998490
andrew.prins@lw.com
Charles S. Dameron
DC Bar No. 1048053
charles.dameron@lw.com
William J. Seidleck
DC Bar No. 1602107
william.seidleck@lw.com
Alexander Siemers
DC Bar No. 90006765
alex.siemers@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Plaintiffs*